UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARETHA BROWN,

                Plaintiff,

   V.

ERIC FORBES,

                Defendant.

CASE NO. C20-480-RSM

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO SEAL CASE

      This matter comes before the Court on pro se Plaintiff Aretha Brown's *ex parte* Motion to Seal Case, Dkt. #2. Having reviewed Plaintiff's Motion and the remainder of the record, the Court DENIES Plaintiff's *ex parte* motion.

## I. BACKGROUND

      Plaintiff Aretha Brown, proceeding pro se, filed her application to proceed in forma pauperis ("IFP") on March 30, 2020 with an attached civil complaint. Dkt. #1. As of the date of this Order, Plaintiff has not been granted leave to proceed IFP and was directed to submit the correct IFP form on or before April 30, 2020. Dkt. #3. She brings this action against Eric Forbes, owner of Deja Vu Services, Inc., under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, the Washington

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO
SEAL CASE - 1

Fair Labor Standards Act ("FLSA"), and Washington minimum wage requirements, RCW 49.46. Dkt. #1-1 at 3.  Defendant has not yet appeared in this case.

On March 30, 2020, Plaintiff moved to seal this case for several reasons: (1) a previous occupation requiring mandatory stage names for confidentiality; (2) she used "Jane Doe 2" for confidentiality purposes in a related class action; (3) she had to disclose information she did not want to make public; (4) the COVID-19 pandemic "Stay Home Order" issued by the Governor creates privacy and home security issues; and (5) her future counsel may choose to amend this complaint and/or redact information.  Dkt. #2 at 1.

## II.   DISCUSSION

"There is a strong presumption of public access to the court's files."  Local Rules W.D. Wash. LCR 5(g).  To overcome this strong presumption, a party seeking to seal a judicial record must meet the "compelling reasons" standard.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).  Under this "stringent standard," a court may only seal records when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture."  *Id.* (quoting *Kamakana v. City & County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir.2006)) (internal quotations omitted).

However, for documents attached to non-dispositive motions, the Ninth Circuit has found that this strong presumption is rebutted given that such documents are often "unrelated, or only tangentially related, to the underlying cause of action."  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)) (internal quotations omitted).  Accordingly, a "good cause" showing under Rule 26(c) may suffice to keep under seal documents attached to non-dispositive motions.  *Id.*; *see also* Fed. R. Civ. P. 26(c).

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO
SEAL CASE - 2

1    The Ninth Circuit has yet to specify whether a party seeking to seal a complaint must meet
2 the "compelling reasons" or "good cause" standard.  *Harrell v. Cal. Forensic Med. Grp., Inc.*, No.
3 15-cv-00579-KJN P, 2015 WL 1405567, *1 (E.D. Cal. Mar. 26, 2015).  However, district courts in
4 this circuit generally apply the "compelling reasons" standard because the complaint "is the root, the
5 foundation, the basis by which a suit arises and must be disposed of." *In re NVIDIA Corp. Derivative*
6 *Litig.,* C06–06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008); *see also Williams &*
7 *Cochrane, LLP v. Quechan Tribe of Fort Yuma Indian Reservation*, No. 17-cv-1436-GPC-MDD,
8 2017 WL 3600417, at *2 (S.D. Cal. Aug. 17, 2017); *Billman Prop., LLC v. Bank of Am., N.A.*, No.
9 15-cv-00088-APG-PA, 2015 WL 575926, at *1 (D. Nev. Feb. 11, 2015).

10   The Court finds no compelling reason to justify sealing Plaintiff's complaint, let alone the
11 entire case.  The Court's Local Rules instruct parties to present legal and evidentiary support in a
12 motion to seal, which includes "a specific statement of the applicable legal standard and the reasons
13 for keeping a document under seal, with evidentiary support from declarations where necessary."
14 Local Rules W.D. Wash. LCR 5(g)(3)(B).  Here, Plaintiff has provided only vague and conclusory
15 assertions without evidentiary support of harm that may occur.  These statements are insufficient to
16 meet even the "good cause" standard for sealing.  *See Foltz v. State Farm Mut. Auto Ins. Co.,* 331
17 F.3d 1122, 1130 (9th Cir. 2003) ("Broad allegations of harm, unsubstantiated by specific examples
18 or articulated reasoning do not satisfy the Rule 26(c) test.").

19   Accordingly, the Court DENIES Plaintiff's motion.  However, in an abundance of caution
20 and in consideration of Plaintiff's pro se status, the Court will afford Plaintiff the opportunity to re-
21 file her IFP application, including the proposed complaint, to remove any exhibits or information she
22 does not wish to include in a publicly-filed document.  Plaintiff is also advised to review the Pro Se
23 Guide on this Court's website, https://www.wawd.uscourts.gov/representing-yourself-pro-se, which
24

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO
SEAL CASE - 3

explains this Court's rules on sealing documents and redacting personal data identifiers listed under Local Rule 5.2. *See also* Local Rules W.D. Wash. LCR 5.2.

### III.   CONCLUSION

Having reviewed Plaintiff's motion and the remainder of the record, the Court ORDERS that:

(1) Plaintiff's *ex parte* Motion to Seal Case, Dkt. #2, is DENIED. The Clerk of Court shall unseal the case, strike the IFP application from the record, and file the motion to seal on the public docket.

(2) Plaintiff is directed to re-file her IFP application, Dkt. #1, including her proposed complaint and any supporting exhibits, on or before April 30, 2020. Failure to do so may result in dismissal of this case.

DATED this 3rd day of April, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO
SEAL CASE - 4