1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

ARETHA BROWN,

10
                              Plaintiff,

11          V.

12   ERIC FORBES,

13                            Defendant.

CASE NO.  C20-480-RSM

ORDER REOPENING CASE, DENYING
APPOINTMENT OF COUNSEL, AND
ORDERING FILING OF AMENDED
COMPLAINT

14

15          This matter comes before the Court on Plaintiff's response to the Court's May 4, 2020 Order

16   to show cause, Dkt. #12, and Plaintiff's Motion to Appoint Counsel, Dkt. #11. Plaintiff Aretha Brown,

17   proceeding pro se, filed this action on March 30, 2020. Dkt. #1. Plaintiff simultaneously moved to seal

18   the case, citing concerns about confidentiality. Dkt. #2. Plaintiff was granted leave to proceed in forma

19   pauperis in this matter. Dkt. #7. Summonses have not yet been issued.

     **A. Response to Order to Show Cause**

20          On April 3, 2020, the Court denied Plaintiff's motion to seal on the basis that it found no

21   compelling reason to justify sealing the complaint, let alone the entire case. *See* Dkt. #5 at 3.  However,

22   in an abundance of caution and in consideration of Plaintiff's pro se status, the Court afforded Ms.

23

24   ORDER REOPENING CASE, DENYING APPOINTMENT
     OF COUNSEL, AND ORDERING FILING OF AMENDED
     COMPLAINT - 1

1    Brown the opportunity to re-file her IFP application, including her proposed complaint, so that she

2    may "remove any exhibits or information she does not wish to include in a publicly-filed document."

3    *Id.*   Plaintiff's original complaint and its attachments, which included a settlement letter from

4    Plaintiff's previous counsel, have remained under seal.  *See* Dkt. #1.  On May 4, 2020, the Court issued

5    an order to show cause notifying Plaintiff that she submitted her IFP application but failed to publicly

6    re-file her complaint with supporting exhibits. Dkt. #8 at 1. The Court directed Plaintiff to submit a

7    short and plain statement within twenty-one (21) days explaining why this matter should not be

8    dismissed for failure to prosecute pursuant to LCR 41(b)(2). *Id.* at 2. The Court advised that failure to

9    file a response would result in dismissal of this case. Plaintiff failed to respond to the Court's order

10   and the Court accordingly dismissed Plaintiff's case for failure to prosecute on May 29, 2020. Dkt. #9.

11         On June 8, 2020, Plaintiff filed an untimely response to the Court's show cause order.

12   Dkt. #12. Her response cites medical reasons and unavoidable delays related to the COVID-19 health

13   crisis that prevented her from providing her response earlier. Her response also explains that she

14   understood the Court would not take further action in this case before ruling on her pending motion to

15   appoint counsel. *See id.* at 1. Having reviewed Plaintiff's response, the Court finds that Plaintiff has

16   demonstrated good cause for her delay and failure to publicly re-file her complaint with supporting

17   exhibits. Accordingly, the Court finds sufficient good cause to reopen this matter and allow Plaintiff

18   to file an amended complaint no later than thirty (30) days from the date of this Order.

19   **B. Motion to Appoint Counsel**

20         Having found that Plaintiff has demonstrated good cause for reopening the case, the Court will

21   now address her Motion to Appoint Counsel, Dkt. #11. In civil cases, the appointment of counsel to a

22   *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d

23   792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in

24   ORDER REOPENING CASE, DENYING APPOINTMENT
     OF COUNSEL, AND ORDERING FILING OF AMENDED
     COMPLAINT - 2

1    exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)).  A court must consider

2    together "both the likelihood of success on the merits and the ability of the petitioner to articulate his

3    claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952,

4    954 (9th Cir. 1983). Even where the claim is not frivolous, counsel is often unwarranted where the

5    litigant's chances of success are extremely slim. *See Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir.

6    1985).

7        Plaintiff brings this action against Defendant Eric Forbes, owner of Deja Vu Services, Inc.

8    ("Deja Vu"), alleging gender discrimination and wrongful termination due to her participation in a

9    2016 class action case against Deja Vu. Dkt. #10 at 4. At this early stage of the litigation, the Court

10    cannot find that Plaintiff is entitled to appointment of counsel. Plaintiff appears able to adequately

11    articulate her claims, as they are not overly complex. It does not yet appear that any exceptional

12    circumstances exist, and there is no record before the Court that would allow the Court to examine

13    whether Plaintiff's claims have merit.

14        As evidence that her claims have merit, Plaintiff states that a judge previously ruled in her

15    favor in a 2016 class action lawsuit filed in the U.S. District Court for the Eastern District of Michigan

16    against one of the same defendants, Mr. Forbes. Dkt. #11 at 2 (citing case no. 16-cv-10877).  However,

17    this Eastern District of Michigan case—which settled in June 2016—examined the employee versus

18    independent contractor status of dancers under the Fair Labor Standards Act and Michigan wage laws.

19    *See* Dkt. #1-3 at 2-3; *see also Doe 1-2 v. Deja Vu Servs., Inc.*, No. 2:16-CV-10877, 2017 WL 2629101,

20    at *1 (E.D. Mich. June 19, 2017), *aff'd sub nom. Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886 (6th

21    Cir. 2019).  The case before this Court appears to address a wholly different set of facts—specifically,

22    alleged employment discrimination because of Plaintiff's gender and retaliation by Mr. Forbes because

23    of her participation in the 2016 class action. *See generally* Dkt. #10. For this reason, the 2016

24    ORDER REOPENING CASE, DENYING APPOINTMENT
       OF COUNSEL, AND ORDERING FILING OF AMENDED
       COMPLAINT - 3

settlement in case no. 16-cv-10877 provides no indication of whether Plaintiff's claims in this case have merit.

Accordingly, having considered Plaintiff's filings and the relevant record, the Court finds and ORDERS that:

1. The Clerk of Court is directed to REOPEN this matter.

2. Plaintiff's Motion to Appoint Counsel, Dkt. #11, is DENIED without prejudice. This Order does not prevent Plaintiff from re-filing this Motion once a factual record regarding her claims has been more fully developed.

3. Plaintiff is directed to file an amended complaint **within thirty (30) days** from the date of this Order. This amended complaint must be publicly filed and will not be sealed.

DATED this 18th day of June, 2020.

_____

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER REOPENING CASE, DENYING APPOINTMENT
OF COUNSEL, AND ORDERING FILING OF AMENDED
COMPLAINT - 4